UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ANTONIO PEREZ,<br><br>Plaintiff,<br><br>v.<br><br>A. DENNEHY, et al.,<br><br>Defendants. | No. 2:15-cv-0833-WBS-EFB P<br><br><u>ORDER GRANTING IFP AND RECOMMENDING  DISMISSAL OF ACTION AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A</u> |

Plaintiff is a state prisoner proceeding without counsel in a civil action.  In addition to filing a complaint, he has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]

**I.  Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

/////

---

[1] Therefore, the court will vacate the findings and recommendations recommending dismissal of this action for failure to pay the filing fee or to seek leave to proceed in forma pauperis.

## II. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

2

**III.     Screening Order**

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it must be dismissed as frivolous. Plaintiff identifies himself as "Special Federal Prosecutor & Judge Advocate." ECF No. 1 at 1. He names numerous defendants, including the U.A.P.D., S.E.I.U., the A.F.S.C.M.E., C.C.P.O.R., C.A.G.A., Kamala Harris, and Governor Brown. *Id.* at 1-2. In the section of the form complaint labeled "Statement of Claim," plaintiff writes, "See Attach: "Notice of Motion." *Id.*, § III. The referenced motion alleges that all persons employed by the State of California are "white collar criminals" engaged in corruption, labor racketeering, and "aircraft piracy." *Id.* at 20-21. Plaintiff alleges that the "unions and their leaders" are part of a "9/11 conspiracy." *Id.* at 25. Plaintiff also makes general and conclusory statements regarding prison overcrowding, inadequate mental and medical care, retaliation, due process, and access to the courts. *Id.* at 22-26. These statements are accompanied by citations to case law but are not supported by any specific facts. *Id.* Plaintiff's request for relief reads as follows: "under 'the RICO Act' issue a lawful 'injunction' irrespectively of any provision of state law. To 'forfeit' the property of the defendants. To compensate the 'innocent' families of the 'innocent' victims 'murdered' on 'September 11, 2001.'" *Id.* § IV.

Plaintiff's allegations are plainly frivolous because they lack even "an arguable basis either in law or in fact," and appear "fanciful," "fantastic," or "delusional." *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989). Therefore, this action must be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

**IV.     Summary**

Accordingly, IT IS HEREBY ORDERED that:

1. The June 11, 2015 findings and recommendations (ECF No. 8) are vacated.

2. Plaintiff's request to proceed in forma pauperis (ECF Nos. 9, 11) is granted.

3. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed as frivolous.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 6, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE